THE STATE OF OHIO, APPELLANT, *v.* KILBY, APPELLEE.

(No. 76-855—Decided April 20, 1977.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Gary W. Crim,* for appellant.

*Mr. John W. Kessler* and *Mr. Steven M. Cox,* for appellee.

PAUL W. BROWN, J.  Two issues are presented in this appeal: (1) Whether the evidence established at trial was sufficient to support a charge of aggravated burglary; and (2) whether appellee was entitled to a jury instruction on the lesser-included offense of burglary.

I.

In modifying appellee's conviction from aggravated burglary to burglary, the Court of Appeals concluded that the state did not present sufficient evidence to warrant a jury finding that any person was present or likely to be present at the time of the burglary.

The offense of aggravated burglary is defined in R. C. 2911.11, which states that:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or

separately occupied portion thereof, with purpose to commit therein any theft offense as defined in Section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the Revised Code on or about his peron or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

If at least one of the three aggravating circumstances is not established, the offense is burglary, a felony of the second degree.[1]

We disagree with the Court of Appeals. The state presented evidence that the occupied structure was the permanent dwelling house of the Derrs who regularly inhabited it, and that the Derrs were in and out of the house on the day in question. Although it seems clear that such house was burglarized when the family was temporarily absent, it is equally clear that its residents were visiting neighbors nearby. A police officer testified that appellee admitted to him that he saw the "grey-haired dude" (Mr. Derr) across the street while he was burglarizing the Derrs' house.

This evidence is sufficient to support a charge of aggravated burglary. The Court of Appeals erred in taking the aggravating element of "present or likely to be present" out of the province of the jury.

---

[1] R. C. 2911.12 provides that:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in Section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, a felony of the second degree."

## II.

The second issue presented is whether appellee was entitled to a jury instruction on the lesser-included offense of burglary.

At the conclusion of the state's case, the defense elected to rest and asked the trial court for a charge on burglary. The request was denied, and the jury was charged only on the offense of aggravated burglary.

Every defendant is entitled to the unqualified right to have the prosecution prove every element of the offense charged beyond a reasonable doubt. If the state is not able to do so, the accused is entitled to an acquittal. R. C. 2945.74[2] permits the trier of fact to consider and return a verdict of conviction upon lesser degrees of the crime or lesser-included offense in lieu of conviction of the principal offense. This statutory right, however, is subject to the underlying principle that the trier of fact shall not be confronted with the option to reach an unreasonable conclusion. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 134. Thus, a defendant's "liberty should not be dickered away by a compromised verdict upon another crime." *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79, 81. In turn, the state has an equal interest in guarding against speculative verdicts. *State* v. *Nolton, supra.* To allow a jury to speculate on lesser-included offenses departs from the traditional rule in Ohio that punishment is not the province of the jury but solely the responsibility of the judge.

If the trier of fact could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-

---

[2]R. C. 2945.74 provides, in pertinent part:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

included offense is required. See *State* v. *Nolton, supra.*

Conversely, if the jury could not reasonably find against the state on an element of the crime, then a charge on a lesser-included offense is not only not required, but is also improper.

In the case at bar, we hold that a jury could not reasonably find that no person was present or likely to be present at the time of the burglary. Appellee burglarized a home, a permanent residence that was regularly inhabited. The family was in and out of the home on the day in question. It was clearly fortuitous that one or the other of the residents did not return during the course of the crime, thus confronting the danger that the statute is designed to minimize. The mere fact that appellee saw one resident inside a neighbor's house certainly did not make it unlikely that the other resident would return shortly. To the contrary, a resident's proximity to his house increases the probability that he may return. Nor does this factual situation exclude the likelihood of the presence of legitimate guests or visitors in the residence. A defendant may not rely on fortunate hindsight to reduce the gravity of his crime.

Further, in determining the reasonableness of the existence of an aggravating circumstance, we must consider the overall rationale of the statute. The intent of the General Assembly in enacting R. C. 2911.11 was to elevate the degree of burglary in those instances in which the victim was exposed to a greater risk of harm. It is apparent that the General Assembly concluded that a burglary of a home posed a greater threat of danger to the victim than, for example, a burglary of a commercial establishment.

It is clear that the difference between aggravated burglary, as defined in R. C. 2911.11(A)(3), and burglary, as defined in R. C. 2911.12, is in the type and use of the occupied structure and not literally whether individuals will be home from work or play at a particular time. If the latter is accepted, there could be no aggravated burglary, for example, if members of a family happened to be at a neighbor's house, social event, church service or whatever because, in fact, they would not be "present or likely to be

present." Such interpretation would not only defeat the intent of the General Assembly—to protect families from burglaries and the resulting potential harm by attempting to deter the criminal—but would also needlessly hamper future trials with factual issues irrelevant to the question of guilt.[3]

Since a finding that no person would be present or likely to be present during the burglary would have been unreasonable under the facts presented in this case, the trial court properly refused to charge the jury on the offense of burglary.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, Sweeney and Locher, JJ., concur.

---

[3]Since the statute speaks alternatively of persons present or likely to be present, it is difficult to conceive of a factual situation which more clearly falls in the latter category. In *State* v. *Mason* (1906), 74 Ohio St. 65, this court in reaching a similar conclusion, at pages 75-76, stated:

"Counsel for the defendants present the view that the distinction which the statute makes between an inhabited dwelling-house and an uninhabited dwelling-house, and the imposition of the graver penalty for burglariously entering a house of the former description, is for the protection of human life, giving consideration to the liability to personal encounters between burglars and occupants who may be in the house when it is entered. No case, they say, can be within that purpose unless the persons who inhabit the house are actually in it when it is burglariously entered. Since the statute contains no technical words affecting the question, the purpose of the legislature can be ascertained only by regarding its words in their ordinary sense. If we assume that counsel has stated that purpose correctly, we must still recur to the terms of the statute to ascertain what has been enacted for its accomplishment, that is, for the protection of human life. Did the legislature contemplate only those collisions which are likely to occur between burglars and persons who are within when they enter? Or did it also contemplate the collisions likely to occur when persons who have been absent from their homes return to find burglars already within? No suggestion is made which can excuse us from considering the ordinary meaning of the words used by the legislature in defining the offense for which it has provided the graver penalty."