**Gregory MCDOUGALL, Petitioner– Appellant,**

v.

**OHIO ADULT PAROLE AUTHORITY, Respondent–Appellee.**

No. 02–3229.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2004.

————

Frank R. DeSantis, James R. Neumeister, Thompson Hine, Cleveland, OH, for Petitioner–Appellant.

Mark Joseph Zemba, Asst. Atty. General, Office of the Attorney General of Ohio, Cleveland, OH, for Respondents–Appellees.

Before: DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

MCCALLA, District Judge.

Gregory McDougall ("McDougall" or "Appellant") appeals from an order dismissing his petition for a writ of habeas corpus. Having been convicted on two

separate counts of aggravated burglary, McDougall challenges the constitutionality of the trial court's jury instructions on both of these counts. For the reasons stated below, we affirm the district court's decision denying a writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Eighth District Court of Appeals for Cuyahoga County, Ohio adequately summarized the relevant facts necessary to resolve the issues in its decision in *State v. McDougall,* No. 71276, 1998 WL 413761, *1–2, 1998 Ohio App. LEXIS 3389, *1–*8 (Ohio Ct.App. July 20, 1998). The court stated:

In 1975 in *State of Ohio v. Gregory McDougall,* Cuyahoga County Common Pleas Court Case No. Cr. 21978, Mr. McDougall faced an indictment for felonious assault. He pleaded guilty to aggravated assault, a fourth degree felony, and the trial court sentenced him to six months to five years.

In approximately 1985, Mr. McDougall began an "on again, off again" relationship with Sherry McDougall and had a daughter, Gina, by her. During this relationship he committed domestic violence against Sherry. In March 1989 in *State of Ohio v. Gregory McDougall,* Cuyahoga County Common Pleas Court Case No. Cr. 233309, he pleaded guilty to one count of domestic violence, a fourth degree felony, and received an eighteen month sentence.

Sherry McDougall owned a three-family apartment: one unit upstairs, one unit on the ground floor in front, and the final unit in the rear of the building. After Mr. McDougall served his time for

---

* The Hon. Jon P. McCalla, United States District Judge for the Western District of Tennes-

see, sitting by designation.

domestic violence, Sherry McDougall rented him the rear apartment. He did some odd jobs around the apartment and helped get Gina, who was eight years old at the relevant time, ready for the day. Sherry rented the upstairs unit to Fred Farley.

At approximately noon on August 9, 1995, as Sherry was taking Gina to day care, she saw Mr. McDougall with a hammer in his hand break into her apartment. He hammered holes in her apartment wall and damaged her personal property.

In the early morning hours of August 10, 1995, Mr. McDougall kicked in and damaged Mr. Farley's door. Mr. McDougall, while spouting profanities, threatened to shoot Mr. Farley, kicked over and stomped on a lamp in the apartment. Following the incident, Mr. McDougall broke into Sherry's apartment. He pushed Sherry down on her bed and took Gina back to his apartment. Shortly after that the police arrested him.

In September 1995, the Grand Jury issued the following indictments against Mr. McDougall: (1) aggravated burglary of Sherry McDougall's apartment on August 10, 1995, with a violence specification and an aggravated felony specification alleging a felonious assault conviction in Case No. Cr. 21978; (2) Burglary of Sherry McDougall's apartment on August 9, 1995, with a violence specification alleging a felonious assault conviction in Case No. Cr. 21978; (3) Domestic violence against Sherry McDougall with two prior conviction specifications; (4) aggravated burglary of Mr. Farley's apartment on August 10, 1995, with a specification alleging a felonious assault conviction in Case No. Cr. 21978; (5) vandalism of Mr. Farley's apartment with the felonious assault specification; and (6) vandalism of Sherry McDougall's apartment with the felonious assault specification.

... During the trial in mid-June 1996, various prosecution witnesses testified as to Mr. McDougall's violent tendencies and his prior conviction for domestic violence. The defense's only evidence was in the form of exhibits; it presented no testimony.

At the end of the trial, the court instructed the jury. In pertinent part, the court's instructions were:

Before you can find the defendant guilty of aggravated burglary under count I, you must first find beyond a reasonable doubt that on or about the 10th day of August, 1995 and in Cuyahoga County, Ohio, the defendant by force trespassed in an occupied structure or in a separately secured or separately occupied portion thereof with the purpose to commit therein a felony, and that at the time of the offense, the defendant inflicted or attempted or threatened to inflict physical harm on another to wit: Sherry McDougall

Purpose to commit a felony is an essential element of the crime of aggravated burglary. Purpose is a design of the mind to do an act with a conscious objective of producing a specific result. To do an act purposefully is to do it intentionally and not accidentally.

Purpose and intent mean the same thing.

In this case, the State contends that the defendant entered the permanent or temporary habitation of Sherry McDougall with purpose to commit a felony. Felonies alleged by the State to have been committed are the offenses of burglary, domestic violence and vandalism.

After receiving their instructions, the jury began deliberating, but returned with

a question specifically seeking guidance on the aggravated burglary counts. Their question was: "On two counts of aggravated burglary, are the charges contingent specifically to the felony charges of domestic violence and vandalism respectively?" In full, the court's answer to the jury's question was:

> Question No. 2 is on the two counts of aggravated burglary. Are the charges contingent specifically to felony charges of domestic violence and vandalism respectively? Now ladies and gentlemen, the Court gives you instructions of law which are generally sufficient for you to analyze them and determine how to apply them to the facts as you find them to be. Now for the Court to answer that question in a specific manner would be tantamount to the Court instructing you as to the facts of the case, so I'm going to analyze once again for you part of the charge on aggravated burglary, and in doing so I believe your question may be responded to sufficiently.

> Before you can find the defendant guilty of aggravated burglary under either of the respective counts of aggravated burglary charged in the indictment, you must find beyond a doubt that on the day in question and in Cuyahoga County, Ohio, that the defendant by force in the one case and either by force or deception in the other trespassed in occupied structure or in a separately secured or separately occupied portion thereof with the purpose to commit therein a felony and that at the time the defendant inflicted or attempted or threatened to inflict physical harm upon another, to wit: in the one case Sherry McDougall and in the other case Fred Farley.

> Therefore, in this case the state contends that as to one or the other possibly both depending upon your findings as to the facts that the defendant entered permanent or temporary habitation of Sherry McDougall in one case, Fred Farley in the other with the purpose to commit a felony. The felonies alleged by the State are the offenses of burglary, domestic violence and vandalism.

Based on these instructions:

> ... The jury found Mr. McDougall guilty of the August 9 burglary, guilty of the two August 10 aggravated burglaries, and guilty of vandalism of Sherry's apartment, but not guilty of the domestic violence and the vandalism of Mr. Farley's apartment. On August 22, 1996, the trial court sentenced Mr. McDougall to twelve to twenty-five years on each of the aggravated burglary charges, three to five years for vandalism and three to five years for burglary; all sentences to run concurrently.

McDougall then proceeded to appeal his convictions. On January 26, 1999, McDougall was resentenced based on a stipulated error regarding certain specifications associated with his aggravated burglary convictions. The trial court revised McDougall's sentences on each count of aggravated burglary to ten to twenty-five years of incarceration, with such sentences to run concurrently with the previously imposed sentences. None of McDougall's other appeals were successful. The Eighth District Court of Appeals and the Ohio Supreme Court upheld each of the convictions.

Having exhausted his state court remedies, McDougall filed a petition for habeas corpus on March 28, 2000, in the United States District Court for the Northern District of Ohio. In his petition, McDougall raised six grounds for relief, including a challenge to the propriety of the jury instructions on aggravated burglary. On February 8, 2002, the district court denied

McDougall's petition for a writ of habeas corpus. In doing so, however, the district court certified that "an appeal from this decision with regard to the issue of improper jury instructions could be taken in good faith." This appeal ensued.

## II. STANDARD OF REVIEW

The court reviews a district court's legal conclusions in habeas proceedings *de novo* and the findings of fact for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

Federal courts evaluate habeas petitions according to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104–132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Greer v. Mitchell*, 264 F.3d 663, 671 (6th Cir.2001), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). Pursuant to the AEDPA, a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the United States Supreme Court explained in *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this

Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

## III. CHALLENGE TO JURY INSTRUCTIONS

Appellant argues that his conviction and sentence for two counts of aggravated burglary rests on constitutional error. Specifically, McDougall alleges that the jury instructions erroneously allowed the jury to consider his intent to commit predicate offences that occurred at different times, at different locations, and against different victims when evaluating the two aggravated burglary counts. He also asserts that the jury instructions incorrectly included burglary, which McDougall posits is a lesser-included offense, as a predicate offense that could support a conviction for aggravated burglary.

According to McDougall, these errors constitute a due process violation because they effectively relieved the prosecution from having to prove every element of the crime of aggravated burglary beyond reasonable doubt. McDougall contends that these errors warrant reversal of his two convictions for aggravated burglary, as they were not rendered harmless by other evidence in the case. We consider each challenge in turn.

### A. Predicate Offenses Occurred At Different Times, Different Locations and Against Different Victims

Appellant relies on Ohio's aggravated burglary statute to challenge the trial court's instructions. The statute provides:

No person, by force, stealth, or deception, shall trespass in an occupied structure ... or in a separately secured or separately occupied portion thereof, with purpose to commit therein ... any felony.

Ohio Rev.Code Ann. § 2911.11 (West 1995). Appellant argues that the "therein" language requires that the intent to commit the predicate offense to an aggravated burglary occur during the same criminal transactions giving rise to the aggravated burglary charge. McDougall contends that the trial court's instructions on the elements of aggravated burglary erroneously alluded to predicate offenses that occurred at different times, at different locations, and against different victims.

For example, Appellant maintains that as to Count IV—the charge of aggravated burglary against Fred Farley—the only predicate offense that took place on the same date (August 10th) against the same victim (Fred Farley) was the vandalism charge. Thus, according to McDougall, by allowing the jury to consider the intent to commit domestic violence or burglary—charges involving Sherry McDougall—the trial court relieved the prosecution from its burden of proof. Similarly, McDougall urges that the jury was incorrectly allowed to rely on the vandalism and burglary charges in relation to Count I—the aggravated burglary against Sherry McDougall. According to Appellant, these charges were erroneously referenced because the predicate offenses took place on August, 9th rather than on August, 10th—the day on which the charges for aggravated burglary are asserted.

As the Supreme Court recently reiterated in *Middleton v. McNeil*, —— U.S. ——, 124 S.Ct. 1830, 1832, 158 L.Ed.2d 701 (2004).

In a criminal trial ... not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation ... A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution.

*Id.* (internal citations omitted). Viewed in the context of the overall charge, we find no constitutional infirmities in the trial court's instructions.

■ As to Count IV, we note that although the trial judge jointly addressed Count I and Count IV in response to the jury's question—perhaps creating the impression that the charges for domestic violence and burglary could support a conviction for aggravated burglary against Fred Farley—the trial judge did give a proper instruction in the original presentation. The court stated:

Before you can find the defendant guilty under Count IV of aggravated burglary you must find beyond a reasonable doubt that on or about the *10th day of August, 1995* and in Cuyahoga County, Ohio, the defendant by force or deception trespassed in an occupied structure or in a separately secured or separately occupied portion thereof with the purpose to commit therein a theft offense, strike that, with the purpose to commit therein a felony, and that at the time the defendant inflicted or attempted to inflict physical harm on another, to wit: *Fred Farley*

(Emphasis added.) This instruction indicates that the trial court delineated for the jury the relevant date and victim to be considered in their determination as to Count IV. Thus, we find no violation of due process in regard to this charge.

■ As to Count I, the trial judge provided the jury with a similar instruction. The instruction stated:

Before you can find the defendant guilty of aggravated burglary under Count I, you must find beyond a reasonable doubt that on or about the *10th day of August, 1995* and in Cuyahoga County, Ohio, the defendant by force trespassed in an occupied structure or in a separately secured or separately occupied portion thereof with purpose to commit therein a felony, and that at the time of the offense, the defendant inflicted or attempted or threatened to inflict physical harm on another, to wit: *Sherry McDougall.*

In this case the State contends that the defendant entered the permanent or temporary habitation of Sherry McDougall with the purpose to commit a felony. Felonies alleged by the State to have been committed are the offenses of *burglary, domestic violence and vandalism.*

(Emphasis added.)

As a threshold matter, we note that— contrary to McDougall's assertions—the vandalism charge appears on the record as taking place on August 10th.[1] It is also worth noting that the available evidence supports a charge of vandalism on August 10th. The trial transcript indicates that McDougall first entered Sherry McDougall's house in the afternoon of August 9th, at which time he destroyed some of her property. McDougall then returned to the victim's apartment around midnight, breaking a door, and threatening Sherry McDougall and her daughter. Thus, Appellant's action during this second inci-

dent—specifically the breaking of the door—can support a claim of vandalism against Sherry McDougall on August 10th; which suggests that the trial judge did not err in the inclusion of vandalism as a predicate offense for aggravated burglary.

■ Notwithstanding this determination, even if this court were to concede that the reference to the burglary and vandalism charges were inappropriate, we agree with the district court "that any error in the trial judge's instruction allowing the jury to consider burglary[,] as well as domestic violence and vandalism as a predicate offense[,] did not prejudice McDougall and was therefore harmless." *McDougall v. Carter,* Case No. 00817, at 8–9 (N.D.Ohio Feb. 8, 2002). The Supreme Court has held that on habeas review of federal constitutional trial errors, the reviewing court must determine that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). As the district court appropriately noted, aggravated burglary does not require that the defendant actually commit a felony, but rather that he intend to commit a felony. In this case, the prosecution presented sufficient evidence with regards to McDougall's intent to commit domestic violence against Sherry McDougall on August 10th to support the conviction on aggravated burglary.[2] Accordingly, we find that the alleged constitutional violations had no reasonable possibility of having a substantial and injurious effect in determining the jury's verdict.

---

**1.** The record indicates that the indictment originally listed burglary and vandalism as taking place on August 10th. At the outset of trial, McDougall requested that the court amend the indictment to list the burglary charges against Sherry McDougall as taking place on August 9th. The trial court granted the motion. McDougall, however, did not request an amendment in regards to the vandalism charge.

**2.** The jury's question regarding the aggravated burglary counts suggests that the jury was considering the charges of vandalism and domestic violence during deliberation.

### B. Burglary as a Lesser–Included Offense of Aggravated Burglary

 We reach the same conclusion as to McDougall's second constitutional challenge. McDougall maintains that allowing burglary—which McDougall posits is a lesser-included offense of aggravated burglary under Ohio law—to serve as a predicate offense relieved the prosecution from having to prove every element of the crime of aggravated burglary beyond a reasonable doubt. Like the district court, we are troubled by the available precedent supporting McDougall's contentions that under Ohio law burglary qualifies as a lesser-included offense of aggravated burglary.[3] *See, e.g., Ohio v. Kilby,* 50 Ohio St.2d 21, 361 N.E.2d 1336, 1337–39 (Ohio 1977) (considering whether the appellant was entitled to an instruction on the lesser-included offense of burglary instead of an instruction on aggravated burglary); *State v. Robinson,* 108 Ohio App.3d 428, 670 N.E.2d 1077, 1080 (Ohio Ct.App.1996) (stating "the state clearly supported the charge of aggravated burglary; therefore, an instruction on the lesser included offense of burglary would have been error by the court").

However, as we concluded in the prior section, even if we acknowledge that the inclusion of burglary as a predicate offense was in error, the record indicates that such error was harmless and does not warrant the relief sought. As we noted, the prosecution introduced sufficient evidence to support a conviction for aggravated burglary on August 10th against Sherry McDougall on the other predicate offenses.

McDougall has failed to show that a "reasonable probability" exists that the trial judge's instructions affected the jury's verdict. *See Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Thus, we find that the inclusion of burglary as a predicate offense did not have a substantial and injurious effect in the jury's verdict.

### III. CONCLUSION

Based on the foregoing, we AFFIRM the judgment of the district court.

---

**3.** As the district court correctly explained, *Schmuck v. United States,* 489 U.S. 705, 720, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), provides the relevant test to determine whether an offense qualifies as a lesser-included offense or constitutes a separate offense. Using the textual analysis provided by the Supreme Court in *Schmuck,* the magistrate judge concluded that burglary and aggravated burglary are distinct crimes under Ohio law as they each require proof of an element which the other does not. The district court adopted this conclusion without undertaking its own analysis. Although it appears that the magistrate judge misapplied the textual test to the relevant statutes, we decline to decide this issue which is unnecessary to the final disposition of this case.