DECISION AND JUDGMENT ENTRY
 {¶ 1} Donald Edwards appeals his conviction for burglary. First, Edwards contends that his conviction must be reversed due to his counsel's ineffective assistance in failing to object to inadmissible "testimonial" hearsay whereby a police officer testified about statements a neighbor made after finding a jacket and some jewelry, which came from the burglary. However, even without this testimony, the jury still would have found Edwards guilty in light of the testimony of any eyewitness who saw him break into the home. Accordingly, Edwards was not prejudiced by the deficiency of his trial counsel.
 {¶ 2} Edwards also contends the state offered insufficient evidence to prove anyone was "present or likely to be present" at the victims' home at the time of the offense and therefore failed to establish an element of the crime. When viewed in a light most favorable to the prosecution, however, the evidence that the victims were in and out of the house that day is sufficient to support Edwards' burglary conviction.
 {¶ 3} Finally, Edwards contends that his sentence is illegal underState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, because the court engaged in impermissible factfinding when it imposed a seven year, non-minimum sentence upon him. The court did not make findings under the statutory provisions that Foster struck down as unconstitutional. Rather, it applied the principle purposes section of the statute and its recidivism factors, both of which survive Foster. Thus, Edwards' sentence is valid.
 {¶ 4} Accordingly, we affirm Edwards' conviction and sentence.
 I. Facts {¶ 5} Edwards was indicted on a charge of burglary in violation of R.C. 2911.12(A)(2). Specifically, the indictment alleged that Edwards "did, by force, stealth or deception trespass in occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of Darlene Burton, when Darlene Burton was present or likely to be present with purpose to commit in the habitation a criminal offense in violation of [R.C.] 2911.12 [theft.]"
 {¶ 6} According to the state's evidence, the Burtons' home was burglarized at approximately 3:30 to 4:00 p.m. on October 20, 2005. Mrs. Burton testified that she and her husband had left their home that day at 1:00 p.m. and returned home between 3:30 and 4:30 p.m. Upon her return, Mrs. Burton noticed that someone had kicked in the front entrance door to her home and she discovered that various items of jewelry were missing.
 {¶ 7} Paris Puckett identified Edwards as the person who broke into the Burton home. Puckett testified that he saw Edwards, who was wearing a green jacket at the time, kick in the Burtons' front door and enter their home. Puckett testified that he had met Edwards 15 minutes earlier while walking down the street with his sister, to whom Edwards had introduced himself by name. Puckett also identified Edwards by a distinguishing teardrop tattoo he had on his face. Puckett testified that he ran home when Edwards entered the Burton home, he told his sister what had happened, and his sister called the police to report the incident. When Edwards was apprehended a few hours later, he was not wearing a green jacket. That night at the police department, Puckett positively identified Edwards as the person who broke into and entered the Burton home. A few days later, the police recovered a green jacket containing jewelry at a neighbor's home one block from the Burton residence. Mrs. Burton identified the jewelry as that stolen from her home on October 20th.
 {¶ 8} Edwards was found guilty of burglary by the jury and was sentenced by the court to a term of seven years imprisonment.
 II. Assignments of Error FIRST ASSIGNMENT OF ERROR:
 Mr. Edwards was denied effective assistance of counsel when his lawyer allowed the state to introduce inadmissible hearsay statements. These highly prejudicial testimonial statements were also barred under Crawford v. Washington (2004), 541 U.S. 36, as they violated Mr. Edwards' right to confrontation. Sixth and Fourteenth Amendments, United States Constitution.
 SECOND ASSIGNMENT OF ERROR:
 The evidence was insufficient to sustain a verdict for burglary under R.C. 2911.12(A)(2). The state failed to prove that someone was "present or likely to be present" at the time of the burglary as required by this section of the burglary statute.
 THIRD ASSIGNMENT OF ERROR:
 The trial court erred by imposing an illegal sentence.
 {¶ 9} Initially, we address Edwards' second assignment of error.
 III. Sufficiency of the Evidence {¶ 10} When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 11} Edwards contends the state presented no evidence that would tend to show anyone was "present or likely to be present" at the time the Burton home was burglarized. Therefore, Edwards argues, the evidence was insufficient to support his conviction for burglary.
 {¶ 12} In determining what constitutes sufficient proof that a person is "likely to be present," the Ohio Supreme Court held the state meets its burden if it presents evidence "that an occupied structure is apermanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent[.]"State v. Kilby (1977), 50 Ohio St.2d 21, paragraph one of the syllabus (construing former R.C. 2911.11(A)(3)); see, also, State v. Fowler
(1983), 4 Ohio St.3d 16, 19. The Court in Kilby stated that the "likely to be present" requirement is intended to target "the type and use of the occupied structure and not literally whether individuals will be home from work or play at a particular time." Kilby,50 Ohio St.2d at 25-26.
 {¶ 13} Thus, the jury was free to infer from the evidence that the Burtons were likely to be present at their home at the time of the burglary. The state presented evidence that the occupied structure was the permanent dwelling house of Mr. and Mrs. Burton, who regularly inhabited it; the Burtons were in and out on the day in question and temporarily absent when their home was burglarized, returning shortly after the offense occurred. There is no evidence that they were regularly gone from home for an extended period of time or were routinely absent from the home at the time the burglary occurred. Cf.,State v. Frock, Clark App. No. 2004CA76, 2006-Ohio-1254; State v.Brown (Apr. 28, 2000), Hamilton App. No. C-980907.
 {¶ 14} Moreover, there is nothing in the records indicating that Edwards had any knowledge of the Burtons' schedule or the "likelihood" of their presence in their home. While his knowledge is not controlling, it is a factor that may be considered by the factfinder. State v.King (May 30, 1996), Cuyahoga App. No. 68978. The fact that the Burtons were not home at the time of Edwards' trespass was merely fortuitous and should not reduce the gravity of his crime. Id., citing Kilby, supra at 25.
 {¶ 15} When viewed in a light most favorable to the prosecution, the evidence was sufficient to allow the jury to infer the Burtons were likely to be present at the time of the burglary. Accordingly, his assignment of error is meritless.
 IV. Ineffectiveness of Counsel {¶ 16} The Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to prove the ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudice the defense so as to deprive the defendant of a fair trial.Strickland, 466 U.S. at 687, 80 L.Ed.2d at 693; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. Failure to establish either element is fatal to the claim. Strickland, 466 U.S. at 687,80 L.Ed.2d at 693.
 {¶ 17} When considering whether trial counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983), 461 U.S. 499, 508-509,103 S.Ct. 1974, 76 L.Ed.2d 96.
 {¶ 18} Edwards asserts his trial counsel was ineffective for failing to object to testimony regarding the recovery of the green jacket purportedly worn by Edwards at the time of the burglary. Edwards specifically takes issue with the following colloquy between the prosecutor and a police officer who recovered the green jacket, together with the Burtons' stolen jewelry found inside the jacket, at a residence located one block behind the Burton residence a few days after the burglary:
 PROSECUTOR BLANTON: What did you find?
 JOSHUA CARVER: I found a green jacket along with a Wal Mart bag containing several different pieces of jewelry.
 PROSECUTOR BLANTON: Where was that located?
 JOSHUA CARVER: The, the Cupp residence. Mr. and Mrs. Cupp had that and they said they had found it on a car in their driveway.
 PROSECUTOR BLANTON: And the driveway's at 401 Plum Street?
 JOSHUA CARVER: Yes, sir.
 * * *
 PROSECUTOR BLANTON: You took it into evidence?
 JOSHUA CARVER: Yes, sir.
 PROSECUTOR BLANTON: Believing it was related to what?
 JOSHUA CARVER: Uh, they, they said there was a burglary a few days prior, and they believed it was a part of that burglary, at least the jewelry inside was.
(Tr. 246).
 {¶ 19} Edwards asserts that the Cupps' statements to Officer Carver concerning the jacket and the jewelry were inadmissible "testimonial" hearsay. Edwards contends that under Crawford v. Washington (2004),541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the admission of the Cupps' out-of-court statements violated Edwards' Sixth Amendment right to confront the witnesses against him because the Cupps did not testify at trial and he had no opportunity to cross-examine them regarding their statements to Officer Carver. Edwards contends that the statements were highly prejudicial because they linked him to the stolen jewelry. Therefore, Edwards argues, defense counsel's failure to object to the statements constituted ineffective assistance of counsel.
 {¶ 20} In analyzing Edwards' claim of error, we must first ascertain whether the Cupps' statements to Officer Carver were "testimonial." InCrawford, the Supreme Court described "testimonial" evidence as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id., 541 U.S. at 52,124 S.Ct. at 1364, citing Brief for National Association of Criminal Defense Lawyers et al. at Amici Curiae 3. Accord, State v. Stahl, 111 Ohio St.3d 186,2006-Ohio-5482, paragraph one of the syllabus. Statements taken by police officers during the course of interrogations are considered "testimonial" evidence, even though the interrogations are not sworn testimony, "'when the circumstances objectively indicate that there is no * * * ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.'" (Emphasis added in Stahl.)Stahl, at ¶ 23, quoting Davis v. Washington (2006), ___ U.S. ___,126 S.Ct. 2266, 2273-2274, 165 L.Ed.2d 224. In other words, "'where it is entirely clear from the circumstances that the interrogation was part of an investigation into possibly criminal past conduct * * *.'"Stahl, at ¶ 24, quoting Davis, supra, 126 S.Ct. 2278, 165 L.Ed.2d 224. After reviewing the transcript, we conclude that the statements at issue are "testimonial." Thus, counsel was deficientin failing to object to their admission.
 {¶ 21} However, we are not persuaded that defense counsel's performance in failing to object was so prejudicial that Edwards was denied a fair trial. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Bradley, supra, at paragraph three of the syllabus; Strickland, supra. Here, other sufficient, admissible evidence, specifically Puckett's eyewitness identification of Edwards breaking into the Burton home, linked Edwards to the crime. Moreover, nothing in the Cupps' statements directly linked Edwards to the jacket or the jewelry. Accordingly, we reject this assignment of error.
 V. Sentencing {¶ 22} In his final assignment of error, Edwards asserts that his seven year, non-minimum sentence is illegal because the trial court engaged in impermissible judicial factfinding when it sentenced Edwards. He contends that the court's determination that he had previously been to prison is a factor listed under R.C. 2929.14(B)(1), which was held unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus. Edwards maintains that in accordance withFoster this Court must vacate his sentence. But he also contends that the severance and resentencing remedy outlined in Foster violates the ex post facto and due process clauses of the U.S. Constitution because it effectively increases the presumptive sentences for first-time offenders and exposes those convicted of fourth and fifth degree felonies to the statutory maximum. Edwards urges this Court to exercise its discretion and modify his sentence to the statutory minimum rather than remand for re-sentencing as directed in Foster.
 {¶ 23} In Foster, the Ohio Supreme Court found that several of Ohio's sentencing statutes were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id., ¶ 83. In constructing a remedy, the Court used the remedy employed in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and excised the portions of statutes, including R.C. 2929.14(B), which it found offended constitutional principles announced in Apprendi and Blakely, supra.Foster, at ¶¶ 97, 99.
 {¶ 24} The court in Foster directed that a defendant who was sentenced under the unconstitutional and now void statutory provisions must be re-sentenced. Foster, at ¶¶ 103-106. Under Foster, trial courts now have full discretion to impose a prison sentence within felony sentencing ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. Foster, ¶¶ 36-42; State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶¶ 37-38. However, in exercising that discretion, trial courts must carefully consider R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. Id. R.C. 2929.12 directs sentencing courts to consider factors that indicate the offender is likely to commit future crimes, including whether "the offender has a history of criminal convictions." See R.C. 2929.12(D)(2).
 {¶ 25} In this case, Edwards was convicted of burglary under R.C.2911.12(A)(2), a second-degree felony. R.C. 2929.14(A)(2) provides a sentencing range of two to eight years imprisonment for second-degree felonies. At the sentencing hearing, the trial court made the following remarks when it imposed sentence upon Edwards:
 Mr. Edwards, based upon your prior criminal record which consists of at least four felonies, the fact that you've been sentenced to prison for four different times, and I understand one of those may have been, uh, reversed, you do have four separate prison numbers, obviously a community sanction would not be the appropriate sentence in this case. The seriousness of this offense calls for a lengthy prison sentence. The Court finds that based primarily upon your prior record, the fact that this was a burglary, which this court considers a crime of violence, and the fact that, uh, you committed this offense in front of, in front of a witness, sort of like you were daring somebody to charge you with the offense the court is going to impose a sentence of seven years in the State Penal System, . . ." (Emphasis added).
 {¶ 26} In its sentencing order entered the same day, the court stated that it "has considered the record, oral statements, and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12."
 {¶ 27} Notably, the trial court did not reference R.C. 2929.14(B) or its factors either at the sentencing hearing or in its sentencing order. Instead, the court appropriately considered the purposes and principals of sentencing under R.C. 2929.11 and factors under R.C. 2929.12 relating to the seriousness of Edwards' offense and his recidivism. The court's observation that Edwards has four prior felony convictions comports with R.C. 2929.12(D)'s requirement that the sentencing court consider the offender's history of criminal convictions. Therefore, in determining that Edwards had a prior criminal record, the court did not engage in improper judicial factfinding as held in Foster, and Edwards' sentence is not based on statutory provisions held to be unconstitutional and void in Foster. Edwards' additional claim that Foster is violative of ex post facto and due process concerns is not ripe for our review because Edwards was not sentenced under Foster. The judgment entry of sentencing bears the file date of January 26, 2006 and indicates the hearing occurred the same day. The Ohio Supreme Court decided Foster on February 27, 2006. Thus, the trial court could not have applied Foster. SeeState v. Ervin, Cuyahoga App. No. 87333, 2006-Ohio-4498, ¶ 39; State v.Wood, Lucas App. No. L-05-1420, 2006-Ohio-4910, ¶ 7.
 {¶ 28} Because the trial court appropriately considered R.C. 2929.11
and 2929.12, did not engage in impermissible judicial factfinding under R.C. 2929.14(B), and sentenced Edwards to a prison term within the sentencing range set forth in R.C. 2929.14(A)(2), Edwards' sentence is valid; he was not sentenced under the statutory provisions declared unconstitutional and deemed void in Foster. Accordingly, we affirm the seven-year prison term imposed upon Edwards, and overrule his final assignment of error.
 {¶ 29} Having overruled each of the assignments of error, we affirm Edwards' conviction and sentence.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.