[Cite as *State v. Rhodus*, 2023-Ohio-3678.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-029 |
| | : | O P I N I O N |
| - vs - | | 10/10/2023 |
| | : | |
| ROGER D. RHODUS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-04-0549

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Roger Rhodus, appeals his conviction in the Butler County Court of Common Pleas after a jury found him guilty of two counts of aggravated trafficking in drugs and two counts of aggravated possession of drugs. For the reasons set forth below, we affirm.

{¶ 2} In early 2022, law enforcement officers with the Middletown Police Department learned of drug-related activity occurring at 2824 Wilbraham Road in Middletown, Ohio. After surveilling the home for approximately two months, Detective Steve Crank arranged for a confidential informant to purchase methamphetamine from appellant, a resident of 2824 Wilbraham Road (the "controlled buy"). On March 30, 2022, the confidential informant completed the controlled buy, and purchased $80 worth of methamphetamine from appellant in the home. Subsequently, Detective Crank obtained and executed a search warrant for 2824 Wilbraham Road. During the search, officers seized drug paraphernalia and 75.18 grams of methamphetamine from the residence.

{¶ 3} Based on the above, appellant was indicted on July 6, 2022. Relating to the March 30, 2022 controlled buy, the indictment included charges for aggravated trafficking in drugs, a third-degree felony (Count I) and aggravated possession of drugs, a third-degree felony (Count II). Count I and Count II further alleged that the amount of methamphetamine at issue equaled or exceeded the bulk amount but was less than five times the bulk amount. Relating to the search of 2824 Wilbraham Road, the indictment included charges for aggravated trafficking in drugs, a second-degree felony (Count III); and aggravated possession of drugs, a second-degree felony (Count IV). Count III and Count IV were accompanied by firearm and forfeiture specifications, and further alleged that the amount of methamphetamine at issue equaled or exceeded five times the bulk amount but was less than 50 times the bulk amount.

{¶ 4} Appellant pled not guilty to the charges and the matter proceeded to a jury trial. At trial, the state presented testimony from the confidential informant, Detectives Crank and Hoyle with the Middletown Police Department, and a forensic chemist. The testimony at trial revealed that appellant leases 2824 Wilbraham Road and is the only person listed on the lease. Although three others live with appellant at the home, those

individuals did not testify at trial and were not involved in the instant proceedings.

{¶ 5} Regarding the controlled buy, a video recording of the confidential informant's encounter with appellant was played for the jury and admitted into evidence. The video shows the confidential informant entering 2824 Wilbraham Road and purchasing methamphetamine from appellant in a bedroom of the home. The confidential informant then left the home and provided the contraband to Detective Crank. The substance was later analyzed by a forensic drug chemist, who determined the substance contained methamphetamine and weighed 3.50 grams.

{¶ 6} After the controlled buy, officers obtained a search warrant and conducted a search of appellant's residence on April 1, 2022. During the search, three individuals, including appellant, were found in the bedroom where the controlled buy transaction took place. Three other individuals were found in the living room near the couch. The search of the residence yielded a firearm and various drug paraphernalia in the bedroom, as well as methamphetamine under the couch in the living room and in the bedroom. The methamphetamine in the bedroom was in five separate containers found throughout the room. After weighing each of the six containers discovered during the search, the forensic chemist concluded that the methamphetamine found under the couch weighed 6.91 grams, while the five containers found in the bedroom weighed 0.22 grams, 1.29 grams, 58.75 grams, 7.78 grams, 0.23 grams respectively. Collectively, the methamphetamine found in the bedroom weighed 68.27 grams and the total methamphetamine found in the home weighed 75.18 grams.

{¶ 7} As a result of the search, appellant was arrested and interviewed by Detectives Crank and Hoyle. A video recording of the interview was played for the jury and admitted into evidence. During the interview, appellant admitted to using methamphetamine and marijuana regularly, but denied selling drugs or that the contraband

discovered during the search belonged to him. Appellant confirmed he was the only person on the lease for 2824 Wilbraham Road and that, although three others lived in the home, none were present at the time of the search. Appellant indicated he did not have a bedroom in the home but spent time and kept his things in the bedroom where the controlled buy took place. Appellant did not accept or assign ownership of the contraband or illicit drugs seized during the search and denied that anyone else present at the time of the search was a "drug addict" or "drug guy."

{¶ 8} At the close of the evidence, and outside of the presence of the jury, appellant's trial counsel orally requested a lesser included offense jury instruction for Count III and Count IV. Appellant's trial counsel argued the jury could conclude that appellant possessed or trafficked an amount of methamphetamine that was less than five times the bulk amount, and therefore, was guilty of committing a third-degree felony, as opposed to a second-degree felony. After hearing argument from both parties, the trial court found that the evidence did not support an instruction on a lesser included offense for either charge, and denied defense counsel's request. After the denial of trial counsel's request, appellant rested without presenting any witnesses or evidence.

{¶ 9} After deliberation, the jury found appellant guilty as charged in the indictment, and further found that, in Count III and Count IV, the quantity of methamphetamine at issue was equal to or exceeded five times the bulk amount but was less than 50 times the bulk amount. For sentencing purposes, the trial court merged as allied offenses of similar import Count I and Count II, as well as Count III and Count IV, and entered convictions for aggravated trafficking in drugs in Count I, a third-degree felony, and aggravated trafficking in drugs in Count III, a second-degree felony. The trial court then proceeded to sentence appellant to an aggregate prison-term of four to five and one-half years.

{¶ 10} Appellant now appeals, raising the following assignment of error for our

review:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED RHODUS' MOTION FOR A JURY INSTRUCTION ON LESSER INCLUDED OFFENSES.

{¶ 12} On appeal, appellant argues the trial court erred when it failed to provide the jury with an instruction on the lesser included offenses in Count III and Count IV. Specifically, appellant claims that, when considering the location of the methamphetamine discovered during the search of his residence, the jury could have reasonably determined that he possessed less than five times the bulk amount of methamphetamine.

{¶ 13} Before considering the merits of appellant's assignment of error, we first address the state's contention that appellant failed to object to the jury instructions before the jury retired for deliberations, and therefore, he has waived all but plain error on appeal. Crim.R. 30(A) provides that an objection to a jury instruction should be specific and made after the instruction is given, but before the jury retires. The purpose of these two requirements is to bring any error to the attention of the trial court, so the trial court may provide proper instructions before the jury commences deliberations and to provide a complete record for appellate review. *State v. Glover*, 12th Dist. Fayette No. CA2016-11-016, 2017-Ohio-7360, ¶ 51, citing *State v. Robinson*, 4th Dist. Scioto No. 94CA2277, 1995 Ohio App. LEXIS 4882, *5-6 (Oct. 24, 1995). A party's failure to comply with Crim.R. 30(A) waives all but plain error. *Id.* However, a party does not waive his objection to a jury instruction if the record affirmatively demonstrates the trial court has been fully apprised of the correct law governing a material issue in dispute. *State v. Wolons*, 44 Ohio St.3d 64 (1989), paragraph one of the syllabus.

{¶ 14} In this case, the trial court noted there had been "numerous discussions" regarding the jury instructions and offered appellant's trial counsel an opportunity to "reiterate" his position on the record before closing arguments. At that time, counsel

reiterated that appellant had requested a lesser included instruction for Counts III and IV, as it was possible for the jury to conclude that appellant "possessed less than 15 grams of methamphetamine." Thus, defense counsel claimed a reasonable view of the evidence could support that appellant was guilty of a lower-tiered felony in Count III and Count IV. The trial court considered counsel's position, as well as the state's response, on the record before denying the requested jury instructions. In so doing, the trial court summarized appellant's position and applied the relevant facts to the applicable law. Based upon this discussion of the issue at trial, we find the record affirmatively demonstrates the trial court was fully apprised of the relevant and correct law governing the instruction at issue. We note that appellant's request in this case was straightforward and did not involve an issue of law that was convoluted or not clearly established. Additionally, it is evident from the record that the trial court understood appellant's objection to the jury instructions, despite counsel's failure to specifically object as described in Crim.R. 30. As a result, we conclude appellant sufficiently preserved this issue for review on appeal. *State v. Cornett*, 82 Ohio App. 3d 624, 631 (12th Dist.1992).

{¶ 15} Turning to the merits of appellant's assignment of error, we review a trial court's decision declining to instruct the jury on a lesser included offense for an abuse of discretion. *State v. Doby*, 12th Dist. Butler No. CA2013-05-084, 2014-Ohio-2471, ¶ 17. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14.

{¶ 16} In considering whether an instruction upon a lesser offense should be given, a trial court must first determine whether an offense is a lesser included offense of the crime charged. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 13. It is undisputed that third-degree felony aggravated possession of drugs and aggravated trafficking in drugs are

- 6 -

lesser-included offenses of second-degree felony aggravated possession of drugs and aggravated trafficking in drugs. *See, e.g.*, *State v. McElroy*, 7th Dist. Mahoning No. 99CA70, 2000 Ohio App. LEXIS 4378, * 15 (Sept. 22, 2000). Therefore, the court must proceed to determine whether the evidence in the case supports an instruction on the lesser included offense. *Evans* at ¶ 13.

{¶ 17} An instruction on a lesser included offense is only warranted "[i]f the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense[.]" *State v. Kilby*, 50 Ohio St.2d 21, 24-25 (1977). Thus, a jury instruction on a lesser included offense is required only where, when viewed in a light most favorable to the defendant, the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction on the lesser included offense. *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 11, citing *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192. A jury instruction on a lesser included offense is not required where the evidence presented at trial does not meet this test. *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, ¶ 37. Rather, there must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense." *Trimble* at ¶ 192.

{¶ 18} In the instant matter, we note at the outset that appellant failed to make a written request for the lesser included offenses as provided by Crim.R. 30(A). Crim.R. 30(A) states in pertinent part that "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file *written* requests that the court instruct the jury on the law as set forth in the requests." (Emphasis added.) In this case, appellant first moved the trial court to instruct the jury regarding lesser included offenses in an oral

request prior to closing arguments. This court has stated that when a defendant fails to request a jury instruction in writing as required by Crim.R. 30(A), a trial court does not err in denying his oral request for such an instruction. *State v. Peyton*, 12th Dist. Butler No. CA2015-06-112, 2017-Ohio-243, ¶ 23; *State v. Davis*, 12th Dist. Madison No. CA2015-05-015, 2016-Ohio-1166, ¶ 37. *See also State v. Fanning*, 1 Ohio St.3d 19 (1982), paragraph two of the syllabus.

{¶ 19} However, even if appellant had made his jury instruction request in compliance with Crim.R. 30(A), we would still find the trial court did not abuse its discretion in refusing to give the requested instructions. As noted above, appellant was charged with trafficking and possessing between five and 50 times the bulk amount of methamphetamine. Methamphetamine is a schedule II substance and the bulk amount of a schedule II substance is three grams. R.C. 2925.01(D)(1)(g). These charges were based upon the methamphetamine and paraphernalia seized during the execution of the search warrant on April 1, 2022. In support of the requested jury instructions, appellant argues the jury could have reasonably found that appellant possessed less than five times the bulk of methamphetamine, i.e., less than 15 grams, and therefore, could have found appellant guilty of third-degree felonies in Count III and Count IV.

{¶ 20} The evidence before the jury established that appellant was present in the bedroom of the home at the time officers executed the search warrant. Upon searching the bedroom, officers discovered a significant amount of methamphetamine in various containers throughout the room. Given the nature and location of the methamphetamine found in the bedroom, appellant contends the jury could have reasonably attributed some of the methamphetamine to the other persons in the room at the time of the search. However, such an interpretation of the evidence is unreasonable given appellant's statement that those individuals were not involved in drugs. Moreover, the evidence

revealed that those individuals were mere acquaintances of appellant, not roommates, and that he was the only resident home at the time of the search. Additionally, although appellant denied the room was his bedroom, officers found personal items of appellant's in the bedroom, and appellant acknowledged it was where he "hung out" and kept his belongings. Appellant further admitted to using methamphetamine regularly and completed a sale of methamphetamine in the same bedroom just two days prior to the search. Thus, while appellant denied that the methamphetamine was his, there was no evidence presented that the methamphetamine found in the bedroom belonged to anyone other than appellant.

{¶ 21} Turning to the remaining methamphetamine discovered under the couch, it is undisputed that appellant was not in the vicinity of the couch at the time of the search. As such, it is possible the jury could have determined that the 6.91 grams of methamphetamine found under the couch belonged to one of the individuals in the living room at that time. However, even if the methamphetamine found under the couch belonged to someone other than appellant, the additional methamphetamine found in the bedroom was not less than five times the bulk amount. Consequently, even when excluding the 6.91 grams of methamphetamine found under the couch, the total methamphetamine belonging to appellant, i.e., 68.27 grams, was greater than five times the bulk amount. As such, there was insufficient evidence presented to allow the jury to reasonably reject the greater offenses of second-degree felony aggravated possession of drugs and aggravated trafficking in drugs, and instead find appellant guilty on the lesser included offenses, and an instruction on the lesser included offenses was not warranted.

**{¶ 22}** In light of the foregoing, appellant's assignment of error is overruled.

**{¶ 23}** Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.