[Cite as *State v. Davis*, 2013-Ohio-1504.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3336 |
| vs. | : | |
| DONALD D. DAVIS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:[1]   Eric Allen, 713 South Front Street, Columbus, Ohio 43206

COUNSEL FOR APPELLEE:   Matthew S. Schmidt, Ross County Prosecuting Attorney, and Judith Heimerl Brown, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-8-13
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Donald D. Davis, defendant below and appellee herein, guilty of tampering with evidence in violation of R.C. 2921.12.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO

---

[1] Different counsel represented appellant during the trial court proceedings.

CONVICT THE APPELLANT OF TAMPERING WITH EVIDENCE
THUS VIOLATING APPELLANT'S RIGHT TO DUE PROCESS
PURSUANT TO THE FIFTH AMENDMENT MADE APPLICABLE
TO THE STATES BY THE FOURTEENTH AMENDMENT."

SECOND ASSIGNMENT OF ERROR:

"THE JUDGMENT OF CONVICTION FOR VIOLATING 2921.12 IS
NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE
EVIDENCE PROFFERED BY THE STATE OF OHIO."

{¶ 3} In December 2010, Carl Dickey reported that several items had been stolen from his property including saws, roofing guns, finishing guns, framing guns, generators, a compressor, two power washers, and a tool box. Detective Rex Emrick later learned that a person named Joseph Hashman may have stolen the items.

{¶ 4} Detective Emrick's subsequent investigation led him to believe that Hashman may have sold the items to appellant's store, "Buy-Sell-Trade." Emrick questioned one of appellant's employees, Brent Davis, about the items. Brent showed Emrick the property that Hashman brought to the store and Emrick photographed the property. Emrick also spoke with appellant and showed appellant the police report that listed the items stolen from Dickey. Appellant advised Emrick that he did not notice any serial numbers on the police report and that he would not release the property without serial numbers. Emrick told appellant "that the property was stolen and that he needed to hang onto the property and not get rid of it. I told him that the property was stolen * * *."

{¶ 5} A few weeks later, Detective Emrick returned to appellant's store with a search warrant. The search failed to locate any of the items.

{¶ 6} Chillicothe Police Detective Shawn Rourke testified that when Detective Emrick

discovered that the items no longer appeared to be in appellant's store, Rourke asked appellant if he "would be willing to show [the detectives] where the property is now."   Rourke stated that appellant "simply refused."   They searched the entire property and did not locate any of the items. Rourke again asked appellant about the location of the property, but appellant did not reveal a location.[2]

**{¶ 7}**   On March 11, 2011, a Ross County Grand Jury returned an indictment that charged appellant with tampering with evidence, in violation of R.C. 2921.12.   At trial, Dickey testified that he recognized the items that Detective Emrick photographed at appellant's store as the tools stolen from his property.

**{¶ 8}**   On May 11, 2012, the jury found appellant guilty and the trial court sentenced appellant to serve three years of community control.   This appeal followed.

**{¶ 9}**   Appellant's two assignments of error raise the related, but legally distinct, arguments that sufficient evidence does not support his conviction and that his conviction is against the manifest weight of the evidence.   For ease of analysis, we have combined our review of the assignments of error.

**{¶ 10}**  In his first assignment of error, appellant asserts that the state failed to present sufficient evidence to show that: (1) appellant "hid" the items; (2) appellant had a purpose to hinder the Dickey theft investigation; and (3) the items Detective Emrick observed in his store

---

[2]   At trial, Detective Rourke actually stated that appellant stated that "he felt he should speak with his attorney." Appellant's counsel objected and requested the court to strike that statement.    The court sustained appellant's objection, ordered the statement stricken from the record, and instructed the jury to disregard the statement.

were the same items stolen from Dickey.

{¶ 11} In his second assignment of error, appellant asserts that his conviction is against the manifest weight of the evidence because the state did not present substantial, competent and credible evidence to show that the items Detective Emrick observed in his store were the same items stolen from Dickey.  He asserts that he cannot "be held criminally responsible for tampering with evidence when the fact that this is evidence is still in doubt."

A

STANDARD OF REVIEW

{¶ 12} Appellant correctly observes that arguments concerning the "sufficiency" and "manifest weight" of the evidence present two distinct legal concepts.  See State v. Thompkins, 78 Ohio St.3d 380, 678 N.E.2d 541, syllabus (1997).  When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt.  Id. at 386 (stating that "sufficiency is a test of adequacy"); State v. Jenks, 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991).  The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Jenks, 61 Ohio St.3d at 273.  Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).

{¶ 13} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must

construe the evidence in a light most favorable to the prosecution.   See State v. Hill, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); State v. Grant, 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did.   See State v. Tibbetts, 92 Ohio St.3d 146, 162, 749 N.E .2d 226 (2001); State v. Treesh, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶ 14}  "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence."   Thompkins, 78 Ohio St.3d at 387.   When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve.   E.g., State v. Issa, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); State v. DeHass, 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus; State v. Murphy, 4th Dist. No. 07CA2953, 2008–Ohio–1744, ¶31.   Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 15} If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense

had been established, the judgment of conviction is not against the manifest weight of the

evidence.   State v. Eley, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus.   A reviewing court

should find a conviction against the manifest weight of the evidence only in the "'exceptional case

in which the evidence weighs heavily against the conviction.'"   Thompkins, 78 Ohio St.3d at 387,

quoting Martin, 20 Ohio App.3d at 175; see also State v. Lindsey, 87 Ohio St.3d 479, 483, 721

N.E.2d 995 (2000).

B

TAMPERING WITH EVIDENCE

R.C. 2921.12(A)(1) defines the offense of tampering with evidence as follows:

> No person, knowing that an official proceeding or investigation is in
> progress, or is about to be or likely to be instituted, shall * * * alter, destroy,
> conceal, or remove any record, document, or thing, with purpose to impair its value
> or availability as evidence in such proceeding or investigation.

{¶ 16} In the case sub judice, appellant challenges whether the state presented sufficient

evidence to show that he (1) altered, destroyed, concealed, or removed certain items (2) with the

purpose to impair (3) their value or availability as evidence in the Dickey theft investigation.

Appellant contends that the state failed to present any evidence that he "hid" the items and, thus,

did not present sufficient evidence to show that he altered, destroyed, concealed, or removed the

items.   Appellant further asserts that the state failed to present sufficient evidence to show his

purpose in allegedly altering, destroying, concealing, or removing the items was to impair the

Dickey theft investigation.   He contends that he had no such purpose because he was not involved

in the Dickey theft and, thus, had no reason to impair the investigation.   Appellant additionally

argues that the state failed to present sufficient evidence to show that the items had value or

availability as evidence in the Dickey theft investigation.   Appellant claims that to show that the items had value or availability as evidence in the Dickey theft investigation, the state needed to demonstrate that the items were, in fact, the same items stolen from Dickey.   Appellant also asserts that his conviction is against the manifest weight of the evidence because the state failed to show that the items had value or availability as evidence in the Dickey theft investigation.   We disagree with all of appellant's arguments.

1

Value or Availability as Evidence

{¶ 17}  For ease of analysis, we address appellant's arguments out of order.   The tampering with evidence statute does not require the state to demonstrate that the item(s) tampered with possessed unquestionable evidentiary value in an investigation.   Instead, the statute prohibits "any person who knows that an official proceeding is in progress or likely to be instituted to destroy [items] with potential evidentiary value * * * to impair their value or availability as evidence." Disciplinary Counsel v. Robinson, 126 Ohio St.3d 371, 2010-Ohio-3829, 933 N.E.2d 1095, 1102, ¶30 (emphasis added).   Accord State v. Pahoundis, 5th Dist. No. 05-CA-009, 2005-Ohio-6111 (finding sufficient evidence to support tampering with evidence conviction when appellant disposed of vehicle after law enforcement officers advised appellant that vehicle was thought to have been stolen); State v. Butler, 11th Dist. No. 2001-A-0004 (Mar. 22, 2002), *2 ("The tampering statute does not require that the thing tampered with be cocaine or any other illegal substance or thing, only that it be potential 'evidence.'").

{¶ 18}  Thus, for a tampering with evidence conviction to stand, the state need not establish that the items tampered with possessed absolute evidentiary value.   For the state to prove that the

items tampered with possessed absolute evidentiary value would require the state to examine the items with which the defendant tampered. If the defendant has altered, destroyed, concealed, or removed the items, then the state ordinarily will be unable to demonstrate, with absolute certainty, that the tampered-with-items have actual evidentiary value. It is the defendant's actions that render the state unable to definitively show that the items tampered with are actual evidence in an investigation. The very purpose of the statute is to prevent a person from tampering with items of potential evidentiary value so that the state can examine the items to determine whether they possess true evidentiary value. Once a defendant destroys, alters, conceals, etc., such items, the state may be unable to examine the items to determine their evidentiary value. Thus, it is nonsensical to claim that a tampering with evidence conviction requires the state to present proof positive that the items tampered with possess definitive evidentiary value in an investigation.

{¶ 19} In the case sub judice, the state presented testimony showing that Detective Emrick believed that the items photographed in appellant's store were the items stolen from Dickey. He connected the items in appellant's store to the stolen items by tracing the suspect's transactions. The state presented evidence in the form of a receipt from appellant's store that bore the suspect's name and listed some of the same tools stolen from Dickey. Dickey identified the items in the photographs as his tools. Even if the state did not present proof positive that the tools photographed in appellant's store are the same tools stolen from Dickey, it nonetheless established that the items were potential evidence in the Dickey theft investigation. Appellant's actions rendered the state unable to present proof positive that the items in the photographs were the same items stolen from Dickey. Consequently, we reject appellant's argument that the state failed to present sufficient evidence to support his tampering with evidence conviction when it did not

establish, with absolute certainty, that the items photographed in appellant's store are the items stolen from Dickey.

{¶ 20} Furthermore, the foregoing evidence constitutes substantial credible and competent evidence that the items in appellant's store were potential evidence in the Dickey theft investigation.   We therefore disagree with appellant that his conviction is against the manifest weight of the evidence.

2

Purpose to Impair

{¶ 21} Appellant further argues that the state failed to present sufficient evidence that his purpose in altering, destroying, concealing, or removing the property was to impair the investigation.

{¶ 22} R.C. 2901.22(A) states that "[a] person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."   Because a defendant's mental state is difficult to demonstrate with direct evidence, it may be inferred from the surrounding circumstances in the case.   E.g., State v. Logan, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979).   Accord State v. Wireman, 4th Dist. No. 01CA662, 2002-Ohio-1526, ¶11.   It is well-established that circumstantial evidence possesses the same probative value as direct evidence.   E.g., State v. Halley, 4th Dist. 10CA13, 2012-Ohio-1625, ¶11

{¶ 23} In State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920, the court determined that the defendant destroyed evidence with purpose to impair an investigation when he tore off his

fingernails after a detective informed the defendant that the defendant's fingernails were considered potential evidence.   In upholding the defendant's conviction, the court explained: "Appellant was put on notice that the police wanted to cut his nails to check for traces of the victim's DNA and appellant knew that when he attempted to impair his fingernails' value as evidence."   Id. at ¶48.

{¶ 24}  Similarly, in the case at bar, the detectives informed appellant that the items in question were considered potential evidence in the Dickey theft investigation.   Detective Emrick explicitly advised appellant to retain the items.   Appellant thus was on notice that Detective Emrick wanted to further examine the items.   When Detective Emrick and Detective Rourke returned to appellant's store with a search warrant, appellant refused to state what had happened to the items.   Appellant's refusal to reveal the location of the items unquestionably impaired the investigation.   By failing to reveal the location of the items, appellant prevented the detectives from investigating whether the items that had been in appellant's store were the same items stolen from Dickey.   Appellant could not have reasonably thought otherwise, especially when Detective Emrick told appellant to hold on to the items.   Even if appellant did not necessarily have a motive to impair the investigation, his actions nonetheless show that he purposely impaired the investigation.   Thus, we believe that the state presented sufficient circumstantial evidence regarding appellant's intent to support his tampering with evidence conviction.

3

Alter, Destroy, Conceal, or Remove

{¶ 25}  Appellant further argues that the state failed to present sufficient evidence to support his tampering with evidence conviction because it failed to prove that he "hid" the items.

**{¶ 26}** Appellant's argument fails to recognize that the tampering with evidence statute does not require the state to prove that a defendant "hid" the items. Rather, the state must show that the defendant altered, destroyed, concealed, or removed the items.

**{¶ 27}** In the case at bar, the state presented evidence that Detective Emrick could not locate the items when he returned to appellant's store with a search warrant and that appellant refused to reveal the location of the items.[3] From this evidence, a reasonable jury could conclude that appellant "concealed" the items. Additionally, it is undisputed that the items were not in the same location as they were when Detective Emrick initially visited appellant's store and that Detective Emrick could not locate the items in appellant's store. Thus, a reasonable jury could have determined that appellant "removed" the items. Consequently, we disagree with appellant that the state failed to present sufficient evidence to support his tampering with evidence conviction.

**{¶ 28}** Accordingly, based upon the foregoing reasons, we hereby overrule appellant's two assignments of error[4] and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

---

[3] Appellant raises a passing argument regarding his right to refuse to answer the detectives' inquiry into the whereabouts of the missing items. He did not, however, raise this argument as a separate assignment of error, as App.R. 16(A)(7) requires. We therefore disregard it. We further observe that the trial court struck the testimony upon appellant's objection.

[4] We note that appellant's conclusion contains arguments about a faulty police investigation and about Detective Rourke's comment regarding appellant's refusal to speak with the detectives. Appellant, however, raised neither issue as a separate assignment of error, as App.R. 16(A)(7) requires. We therefore disregard these arguments.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.