[Cite as *State v. Griffith*, 2017-Ohio-8855.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :
                                        :
        Plaintiff-Appellee,             :       Case No. 17CA4
                                        :
v.                                      :
                                        :       DECISION AND
TIMOTHY B. GRIFFITH,                    :       JUDGMENT ENTRY
AKA, TIMOTHY E. GRIFFITH,               :
                                        :
        Defendant-Appellant.            :       RELEASED 12/01/2017

APPEARANCES:

Matthew L. O'Leary, Circleville, Ohio, for defendant-appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jayme Hartley Fountain, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for plaintiff-appellee.

Hoover, J.

{¶1}    Defendant-appellant, Timothy B. Griffith, aka Timothy E. Griffith ("Griffith"), appeals his conviction and sentence in the Pickaway County Court of Common Pleas. Griffith was found guilty of one count of burglary and one count of theft following a jury trial. The trial court merged the counts for purposes of sentencing, and Griffith was sentenced to 8 years in prison for the burglary offense. The trial court also ordered Griffith to 696 days in prison for violating the conditions of his post-release control in Pickaway Case No. 2007-CR-016. The prison sentences were ordered to be served consecutive to one another.

{¶2}    On appeal, Griffith contends that his trial counsel provided ineffective assistance by failing to object to a portion of testimony from one of the State's witnesses. In the contested portion of testimony, the witness stated that Griffith had just been released from prison. Griffith

claims the statement was irrelevant, unduly prejudicial, and indicative of other bad acts. However, even without this testimony, sufficient evidence existed that would have allowed the jury to find Griffith guilty of the charged offenses. Therefore, even if we were to assume that Griffith's trial counsel acted deficiently by failing to object to the statement, he has not established that the statement prejudiced him.

{¶3}    Next, Griffith contends that the guilty verdicts for burglary and theft are against the manifest weight of the evidence because the evidence did not credibly establish or identify him as the perpetrator of the crime. We disagree. The evidence establishes that the homeowner saw Griffith inside of the house without consent to be there. Two other witnesses for the State placed Griffith near the scene of the crime on the night of the burglary. While Griffith provided two alibi witnesses, it was up to the jury to decide the credibility of the witnesses and the weight of the evidence. Thus, we cannot say that the guilty verdicts were against the manifest weight of the evidence.

{¶4}    Alternatively, Griffith contends that the State failed to prove anyone was "present or likely to be present" at the victims' home at the time of the offense. In essence, Griffith challenges the sufficiency of the evidence, i.e. whether the State failed to establish an element of burglary under R.C. 2911.12(A)(2). When viewed in a light most favorable to the prosecution, however, the evidence that the victims were in and out of the house that day is sufficient to support the burglary conviction.

{¶5}    Finally, Griffith contends that the trial court erred in ordering his sentence on the burglary offense to be served consecutively to his sentence for violating post-release control. Specifically, Griffith argues that because he was never properly notified of the consequences of violating post-release control by the court in his prior case (Pickaway Case No. 2007-CR-016),

his post-release control sentence is void, and the trial court in the case sub judice (Pickaway Case No. 2016-CR-0178) could not order his new sentence to be served consecutively to a void sentence. However, this argument is not properly before this Court. Therefore, we must presume the regularity of the proceedings and affirm the sentence.

{¶6}    Accordingly, we affirm Griffith's conviction and sentence.

## I. Facts and Procedural History

{¶7}    The Pickaway County Grand Jury returned an indictment charging Griffith with one count of burglary and one count of theft. For the burglary charge, the State alleged that Griffith trespassed by force, stealth, or deception, in the occupied structure that is a permanent or temporary habitation of Richard and Linda West, when Richard and Linda West were present or likely to be present, and with the intent to commit a criminal offense in the habitation. Griffith pleaded not guilty to the charges, and the case proceeded to a jury trial.

{¶8}    At trial, Richard West testified that he resided at a house on Half Avenue in Circleville, Ohio, with his wife, Linda, and their 13 year-old daughter. West testified that he knew Griffith because Griffith had lived in the house next door to his, on and off, for years. According to West, on May 7, 2016, his family was planning a camping trip to a property in neighboring Ross County, Ohio. West had left his house in Circleville that day around noon, to cut grass at the property in Ross County. His wife Linda, his daughter, and his daughter's friend met him at the Ross County property at around 8 p.m. that evening. At around 9:20 p.m. West decided to travel back to his house in Circleville. He testified that he had a gut feeling that something was wrong at the house. He also stated that he wanted to take a shower.

{¶9}    West estimated that he arrived back at his residence in Circleville at around 9:55 p.m. According to West, when he arrived he approached the front door of the house. Through a

panel in the door he saw an individual in his house. West immediately identified the individual as Griffith. Within minutes West called 911 to report the intruder. Before law enforcement could arrive, the intruder broke through a window and ran through the backyard of the house towards an alleyway. After checking to see if the intruder had any weapons, West gave chase after the intruder. West stopped chasing the intruder when the police arrived; however, the police were not able to locate the intruder.

{¶10} West testified that money was missing from his daughter's bedroom, from a wooden cabinet, and from a safe. In all, West testified that approximately $6,280.00 was missing from the house.

{¶11} Holly Boysel also testified at trial. Boysel testified that she lived at the same residence of Griffith on May 7, 2016. She verified that the residence is directly next door to the residence of Richard and Linda West. Boysel also testified that Griffith left the residence a little before dark on the evening of May 7, 2016, and did not return to the residence.

{¶12} Patricia Haddox, another neighbor, also testified during the State's case-in-chief. Haddox resides on East Ohio Street in Circleville; the street directly behind Half Avenue where the burglary occurred. Haddox testified that sometime between 10:00 and 10:30 p.m., on the evening of May 7, 2016, Griffith barged into her house. She stated that she and her adult daughter demanded that he leave the residence, but he refused to do so. According to Haddox, Griffith begged that they "say nothing", and even offered them money. That same evening the police arrived to Haddox's residence and asked if she had seen Griffith. At trial, Haddox admitted that she lied to the police, telling them she had seen Griffith run in a different direction. She explained that she was afraid to tell the truth because Griffith was still hiding in her house when the police arrived, and her two year-old granddaughter was also present in the house. It

was not until a few weeks later, when police interviewed her, that she told police that Griffith was hiding in her residence on May 7, 2016.

{¶13}  Detective Phil Roar of the Circleville Police Department testified that he was not called to the scene of the burglary. Rather, the responding officer determined that no further investigation of the scene was necessary. Detective Roar verified that no photographs were taken of the crime scene, and no objects were confiscated or swabbed for fingerprint or DNA analysis. Detective Roar also testified that he interviewed Haddox on May 31, 2016. He testified that Haddox, even on May 31, did not initially tell him about Griffith's presence in her home on the night of the burglary. It was not until he told Haddox that he knew she was lying that Haddox told him that Griffith was actually present at her home on the night of the burglary. Haddox also told Detective Roar that she accepted $200 from Griffith so that he could hide at her house.

{¶14}  During the defense's case, Griffith presented two alibi witnesses: Dakota Jackson and Totie Rhodes. Both Jackson and Rhodes testified that Griffith was present with them on Oakwood Avenue in Columbus, Ohio, during the entirety of the weekend the burglary occurred.

{¶15}  The jury returned verdicts finding Griffith guilty of burglary and of theft. The trial court merged the offenses for the purposes of sentencing, and Griffith was sentenced to eight years in prison on the burglary offense. The trial court also ordered that Griffith serve 696 days in prison for violating the conditions of his post-release control in Pickaway Case No. 2007-CR-016. The prison sentences were ordered to be served consecutive to one another.

{¶16}  Griffith filed a timely notice of appeal.

## II. Assignments of Error

{¶17}  Griffith assigns the following errors for our review:

First Assignment of Error:

> APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE
> EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL
> FAILED TO OBJECT TO A WITNESSES'S (SIC) TESTIMONY THAT HE
> WAS JUST RELEASED FROM PRISON.

Second Assignment of Error:

> APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT
> OF THE EVIDENCE.

Third Assignment of Error:

> APPELLANT'S CONSECUTIVE SENTENCE IMPOSING TIME REMAINING
> ON POST RELEASE CONTROL IS VOID.

### III. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶18} In his first assignment of error, Griffith contends that he received ineffective assistance of counsel when his trial attorney failed to object to a witness's testimony that Griffith had just been released from prison.

{¶19} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989). "Because this issue cannot be presented at trial, we conduct the initial review." *State v. Plymale*, 4th Dist. Gallia No. 15CA1, 2016–Ohio–3340, ¶ 34.

{¶20}   The defendant has the burden of proof because in Ohio, a properly licensed

attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860

N.E.2d 77, ¶ 62. In reviewing the claim of ineffective assistance of counsel, we must indulge in

"a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action might be considered sound trial strategy." (Quotations

omitted.) *Strickland* at 689.

{¶21}   At trial, when asked if she knew Griffith, Haddox replied: "Well, I think he just

got out of prison a month or two before that. I didn't know who it was, I hadn't seen him since

he was a kid. My daughter, she knew who he was." Defense counsel did not object to the

statement that Griffith had "just got out of prison".

{¶22}   " '[T]he failure to object to error, alone, is not enough to sustain a claim of

ineffective assistance of counsel.' " *State v. Fears*, 86 Ohio St.3d 329, 347, 715 N.E.2d 136

(1999), quoting *State v. Holloway*, 38 Ohio St.3d 239, 244, 527 N.E.2d 831 (1988). A defendant

must also show that he was materially prejudiced by the failure to object. *Holloway* at 244; *State

v. Hale*, 119 Ohio St.3d 118, 2008–Ohio–3426, 892 N.E.2d 864, ¶ 233. Additionally, tactical

decisions, such as whether and when to object, ordinarily do not give rise to a claim for

ineffective assistance. *State v. Johnson*, 112 Ohio St.3d 210, 2006–Ohio–6404, 858 N.E.2d 1144,

¶¶ 139–140.

{¶23}   Even if we assume counsel's failure to object amounted to deficient performance,

Griffith cannot establish the prejudice prong of *Strickland*. West identified Griffith as the

trespasser in his home, a person West was familiar with, and further testified that Griffith entered

the home by force by breaking the kitchen window. Finally, West testified that money was

missing from the home; money that was present prior to Griffith's intrusion into the home. Furthermore, Boysel's and Haddox's testimony established that Griffith was present near the crime scene at or near the time of the burglary, and thus had opportunity to commit the crime. There was alibi testimony presented that arguably conflicts with the evidence presented by the State, but ultimately it was up to the jury to determine the weight and credibility of the witnesses. In short, even if the witness's statement is not considered, sufficient evidence exists that would allow a reasonable juror to conclude that Griffith was guilty of the offenses.

{¶24} Thus, there is no reasonable probability that but for counsel's failure to object, the jury would have found Griffith not guilty. Because Griffith has not met his burden of proof under the prejudice requirements of ineffective assistance of counsel, we overrule his first assignment of error.

### B. Sufficiency of the Evidence/Manifest Weight of the Evidence

{¶25} In his second assignment of error, Griffith contends that the guilty verdicts for burglary and theft are against the manifest weight of the evidence.

{¶26} "When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses." *State v. Topping,* 4th Dist. Lawrence No. 11CA6, 2012–Ohio–5617, ¶ 60. "The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve." *Id.*, citing *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶27} "Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in

evidence, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Quotations omitted.) *Id*. "A reviewing court should find a conviction against the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the conviction." (Quotations omitted.) *Id*. at ¶ 61.

{¶28} Griffith argues that the guilty verdicts for burglary and theft are against the manifest weight of the evidence because there was no credible evidence identifying him as the perpetrator of the offenses. We disagree.

{¶29} It is true that the police conducted a limited investigation into this matter. However, the State did present eyewitness testimony that Griffith was the perpetrator of the crime. Moreover, while Haddox admitted to initially misrepresenting to the police that Griffith was not at her house at or near the time of the incident, she provided a credible explanation that she was scared to tell the truth since Griffith was still inside of her house along with her two year-old grandchild when the police arrived.

{¶30} Obviously, the critical evidence regarding the identity of the perpetrator came from West. West testified that he could clearly view the intruder from his front porch; and that he recognized the intruder as Griffith. West provided testimony that Griffith was his next-door neighbor, and that he had had prior interactions with Griffith. Boysel corroborated West's testimony that Griffith lived next door to the West residence.

{¶31} Finally, Griffith argues that each of the State's witnesses was "directly contradicted by [his] alibi witnesses." However, the jury was able to view all of the testimony, and was in the best position to observe the witnesses' demeanor, gestures, and voice inflections. Thus, the jury had before it sufficient facts to ascertain the credibility of the witnesses and to

weigh it accordingly. We will not substitute our judgment for that of the jury. Furthermore, we note that " '[w]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony.' " *State v. Cooper,* 170 Ohio App.3d 418, 2007–Ohio–1186, 867 N.E.2d 493, ¶ 17 (4th Dist.), quoting *State v. Mason,* 9th Dist. Summit No. 21397, 2003–Ohio–5785, ¶ 17; *see also State v. Fisher,* 4th Dist. Jackson No. 11CA10, 2012–Ohio–6260, ¶ 9 ("[T]he weight of the evidence and witness credibility are issues that the trier of fact must determine. * * * The rationale for this view is that the trier of fact * * * is in the best position to view the witnesses and to observe their demeanor, gestures and voice inflections and to use those observations to weigh credibility. * * * Consequently, a jury may choose to believe all, part or none of the witness testimony.").

{¶32} The jury neither clearly lost its way nor created a manifest miscarriage of justice by crediting the State's evidence over the defense's evidence. Thus, the jury's guilty verdicts are not against the manifest weight of the evidence. *See State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 28, quoting *State v. Moses*, 10th Dist. Franklin No. 13AP-816, 2014-Ohio-1748, ¶ 34 (" 'where the basis for a manifest weight argument lies in witnesses' conflicting testimony or the credibility of the witnesses, the court will decline to substitute its own judgment for that of the trier of fact' ").

{¶33} As part of his second assignment of error, Griffith also contends that the State's evidence does not support a conviction for burglary under R.C. 2911.12(A)(2), as he was indicted and found guilty, because "the homeowner was not present or likely to be present when he unexpectedly left a camping vacation twenty five minutes from his home and upon return never entered the residence." Therefore, Griffith argues that his conviction "should be modified to a violation of R.C. 2911.12(A)(3)."

{¶34}  While Griffith includes this argument under his manifest weight assignment of error, we believe it actually challenges whether there was sufficient evidence to convict him under R.C. 2911.12(A)(2). "When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt." *State v. Davis,* 4th Dist. Ross No. 12CA3336, 2013-Ohio-1504, ¶ 12. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *Id*., citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, when we review a sufficiency of the evidence claim in a criminal case, we review the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency of the evidence claim unless reasonable minds could not reach the conclusion the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶35}  Griffith was convicted of burglary in violation of R.C. 2911.12(A)(2), which provides:

 No person, by force, stealth, or deception, shall do any of the following:  * * *

 Trespass in an occupied structure or in a separately secured or separately occupied

 potion of an occupied structure that is a permanent or temporary habitation of any

 person when any person other than an accomplice of the offender is present or

likely to be present, with purpose to commit in the habitation any criminal

offense[.]

{¶36} "In determining what constitutes sufficient proof that a person is 'likely to be present,' the Ohio Supreme Court held the [S]tate meets its burden if it presents evidence 'that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent[.]' " *State v. Edwards*, 4th Dist. Jackson No. 06CA5, 2006-Ohio-6288, ¶ 12, quoting *State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977), paragraph one of the syllabus (construing former R.C. 2911.11(A)(3)); *see also State v. Fowler*, 4 Ohio St.3d 16, 19, 445 N.E.2d 1119 (1983). "The Court in *Kilby* stated that the 'likely to be present' requirement is intended to target 'the type and use of the occupied structure and not literally whether individuals will be home from work or play at a particular time.' " *Id*., quoting *Kilby* at 25-26.

{¶37} Thus, the jury was free to infer from the evidence that the West family was likely to be present at their home at the time of the burglary. The State presented evidence that the occupied structure was the permanent dwelling house of the West family, who regularly inhabited it; that the Wests were in and out of the house on the day in question and temporarily absent when their home was burglarized, with Mr. West returning as the offense was occurring. There is no evidence that they were regularly gone from home for an extended period of time or were routinely absent from the home at the time the burglary occurred. *Accord*, *Edwards* at ¶ 13.

{¶38}   When viewed in a light most favorable to the prosecution, the evidence was sufficient to allow the jury to infer the Wests' were likely to be present at the time of the burglary. Accordingly, Griffith's second assignment of error is overruled.

### C. Sentencing

{¶39}   In his third assignment of error, Griffith contends that because he was not properly advised of the consequences of violating post-release control in Pickaway Case No. 2007-CR-016, his post-release control sentence is void, and the additional judicial sanction imposed in this case for the violation of post-release control is also void and must be vacated. Specifically, Griffith argues "[t]he Entry of Sentence in that case [Pickaway Case No. 2007-CR-016] omits the mandatory Post Release Control language required under 2929.19."

{¶40}   In order to review Griffith's argument, and to ensure compliance with R.C. 2929.19, we need to review the sentencing hearing transcript and sentencing entry from Pickaway Case No. 2007-CR-016. *See State v. Cupp*, 2016-Ohio-8462, 75 N.E.3d 940, ¶ 15 (4th Dist.) ("Not only is a trial court required to notify the offender about postrelease control at the sentencing hearing, it is further required to incorporate that notice into its journal entry imposing sentence."). However, neither the sentencing hearing transcript nor sentencing entry from Pickaway Case No. 2007-CR-016 is a part of the record on appeal.

{¶41}   As the appellant, Griffith has the duty to provide this Court with the necessary transcripts of the record below so that we can address his assignments of error. App.R. 9; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). The rule is based upon the fact that an appellant bears the burden of pointing out error by referencing the record. *Knapp* at 199, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). In the absence of an error affirmatively appearing on the record, a reviewing court must presume that

the judgment and proceedings in the trial court were valid. *Id*. Therefore, without the necessary transcripts, a reviewing court has nothing to pass upon and must affirm the judgment of the trial court. *Id*.

{¶42} Griffith has attached a copy of the sentencing entry from Pickaway Case No. 2007-CR-016 to his appellate brief. "We note, however, that items attached as an appendix to an appellate brief are not part of the record on appeal." *State v. Knox*, 4th Dist. Vinton No. 00CA538, 2000 WL 1074067, * 2 (Aug. 1, 2000), fn. 3, citing *Papadelis v. First Am. Sav. Bank*, 112 Ohio App.3d 576, 581, 679 N.E.2d 356 (8th Dist.1996), and App.R. 9(A).

{¶43} As mentioned previously, the record in the case sub judice does not include the sentencing hearing transcript from Pickaway Case No. 2007-CR-016, or the sentencing entry from that case, despite the fact that Griffith's third assignment of error requires review of those materials. Without the hearing transcript or sentencing entry, this Court cannot give any type of meaningful review to the assertion that the trial court in that case failed to properly notify Griffith under R.C. 2929.19. Accordingly, for the reasons stated above, we have no option but to presume that the proceedings and judgment were valid.

{¶44} We further note that Griffith raises the argument concerning the validity of his post-release control sentence in Pickaway Case No. 2007-CR-016 for the first time on appeal. It is well-settled law in Ohio that appellate courts will not consider as error issues that are raised for the first time on appeal. *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982); *see also Ohio Performance, Inc. v. Nelson,* 4th Dist. Scioto No. 94CA2226, 1995 WL 103634, *3 (Mar. 7, 1995) ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. * * * Litigants must not be

permitted to hold their arguments in reserve for appeal, thus evading the trial court process.").

Thus, Griffith has waived this argument and we cannot consider it for the first time on appeal.

{¶45}  For the foregoing reasons, Griffith's third assignment of error is overruled.

## IV. Conclusion

{¶46}  Having overruled all of Griffith's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By: _____
Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**